UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM E. LELAND, | : | |
| | : | Civ. No. 12-1808 RBK |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

## I. INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* and is seeking habeas relief pursuant to 28 U.S.C. § 2241. Petitioner challenges a sentencing enhancement imposed by the United States District Court for the District of Maine on him for obstruction of justice. Respondent has filed a motion to dismiss the habeas petition for lack of jurisdiction. For the following reasons, the motion to dismiss will be granted.

## II. BACKGROUND

Petitioner pled guilty in the District of Maine to an array of federal controlled substance and firearms offenses. *See United States v. Leland*, ("*Leland I*"), 370 F. Supp. 2d 337, 339 (D. Me. 2005) *aff'd*, 196 Fed. Appx. 9 (1st Cir. 2006). Petitioner received a sentence of 252 months. *See United States v. Leland ("Leland II")*, 495 F. Supp. 2d 124, 128-29 (D. Me. 2007). Subsequently, petitioner filed a motion to vacate, set aside or correct his sentence in the District of Maine. *See id.* at 129. In that petition, he asserted three ineffective assistance of counsel claims in addition to a claim that he should have been allowed to withdraw his guilty plea. *See id.* The District of Maine denied petitioner's § 2255 motion in 2007. *See id.* at 128.

1

Petitioner filed the instant § 2241 petition in this Court seeking to vacate his sentence because the District of Maine allegedly improperly increased his sentence under the Sentencing Guidelines via an obstruction of justice enhancement. He asserts that this Court has jurisdiction over his habeas petition pursuant to the "safety valve" of § 2255 and that he is innocent of the obstruction of justice enhancement. (*See* Dkt. No. 1 at p. 3.) Respondent has filed a motion to dismiss and argues that this Court lacks jurisdiction over the petition.

## III. DISCUSSION

Petitioner seeks habeas relief under § 2241 related to his federal criminal sentence despite the fact that he previously filed an unsuccessful challenge to his federal sentence under 28 U.S.C. § 2255. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). This is generally true because section 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Section 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A section 2255 motion is "inadequate or ineffective" which permits a petitioner to resort to a section 2241 petition "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful [sentence] claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). "It is the inefficacy of the remedy, not the personal inability

to use it, that is determinative." *Id.* (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a section 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of section 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251). In this case, petitioner does not allege facts to bring his petition within the *Dorsainvil* exception.

Petitioner asserts that he is innocent of the obstruction of justice sentencing enhancement. However, where a petitioner challenges the validity of an enhancement to his sentence as petitioner does here, that is insufficient to invoke the Court's jurisdiction under § 2241. *See United States v. Brown*, 456 Fed. Appx. 79, 81 (3d Cir. 2012) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a

career offender.") (internal citation omitted), *cert. denied*, 133 S. Ct. 201 (2012); *Selby v. Scism*, 453 Fed. Appx. 266, 268 (3d Cir. 2011) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, Civ. No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted - possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, Civ. No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

In this case, petitioner does not assert that he is innocent of the offenses to which he pled guilty to, namely the controlled substance and firearms offenses. Therefore, the "safety valve" does not provide this Court with jurisdiction over the § 2241 petition.

## IV.    CONCLUSION

For the foregoing reasons, respondent's motion to dismiss for lack of jurisdiction will be granted and the habeas petition will be dismissed. An appropriate order will be entered.

s/Robert B. Kugler<br>
Robert B. Kugler, U.S.D.J.

Date:   May 17, 2013